## Foley v. MacIlwain

*Samuel L. Borton*, for plaintiff.
*Fox & McTighe*, for defendant.

KNIGHT, P. J., July 25, 1946.—This case came before the court en banc, on a petition on which a rule was granted upon the Jason Realty Company, to show cause why it should not be joined as additional defendant.

An answer was filed, and the matter is before us on the facts set forth in the petition and its supporting documents.

From these we glean that on January 14, 1944, an action of trespass was instituted by plaintiff against the original defendant, to recover damages for injuries sustained through the alleged negligence of the original defendant in maintaining his premises in a dangerous condition. The accident happened January 15, 1942. An affidavit of defense was filed on February 9, 1944, in which the original defendant denied liability, inter alia, on the ground that the premises were leased to the Jason Realty Company, which was in exclusive possession of the same at the time of the accident.

On May 11, 1945, defendant presented his petition to this court, praying for an order nunc pro tunc, commanding the sheriff to direct the Jason Realty Company to show cause why it should not be joined as additional defendant.

There is no specific allegation that the proposed additional defendant is solely liable to plaintiff, or that it is liable over to or with defendant.

The answer denies that defendant has any legal right to join the Jason Realty Company as additional defendant at this time, for reasons which will be hereinafter discussed.

Pa. R. C. P. 2253 provides:

"No præcipe for a writ to join an additional defendant shall be filed by the original defendant or an additional defendant later than sixty (60) days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

In this case nearly 16 months elapsed between the institution of the suit and the petition to join additional defendant. No reason, excuse, or justification is advanced for this long delay. Defendant knew all of the facts alleged in the petition at the time he filed his affidavit of defense. He cannot wait until 16 months pass by and then, without any excuse for the delay, ask the court to exercise its discretion and allow him to join an additional defendant. We believe such action on our part would be an abuse of discretion: Scureman et ux. v. Perkiomen Realty Co., 47 D. & C. 361.

There is another and perhaps more potent reason why the prayer of this petition must be denied.

The action is trespass for tort. The accident happened on January 15, 1942, and the petition to join the Jason Realty Company as additional defendant was filed on May 11, 1945, over two years later. Any liability that the Jason Realty Company had to plaintiff is barred by the statute of limitations. For this reason alone, the petition should be dismissed: Murray v. Pittsburg Athletic Company, 324 Pa. 486.

We are not impressed with the third reason advanced by the proposed additional defendant to dismiss the petition; namely, that any liability of the Jason Realty Company arose under the contract of lease with defendant, and therefore would have to be enforced by an action in assumpsit.

Under the facts before us, the Jason Realty Company would have been liable to plaintiff, and perhaps liable with or liable over to defendant, regardless of any contract of indemnity. If recovery is had against defendant, he then may have an action of assumpsit against the Jason Realty Company under the indemnity clause in the lease.

And now, October 3, 1945, the rule is discharged, and the petition dismissed.